IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EDWARD LEWIS LAGRONE, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 4:99-CV-0521-G |
| JANIE COCKRELL, Director, Texas ) | |
| Department of Criminal Justice, ) | |
| Institutional Division, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM ORDER

Before me as chief judge is the appeal of Travis Richard Alley, Esq. ("Alley") for relief from the order of United States District Judge Joe Kendall, entered on January 22, 2002, which accepted in large part the findings, conclusions, and recommendations of Magistrate Judge Charles Bleil ("Judge Bleil") regarding disciplinary measures to be imposed on Alley. *See* Order Accepting the Findings, Conclusions, & Recommendations of the United States Magistrate Judge and Order of Discipline of Attorney Travis Richard Alley, January 22, 2002 ("Judge Kendall's Order"); Findings, Conclusions and Recommendations of the United States

Magistrate Judge and Notice and Order Regarding Show Cause Order and Disciplinary Hearing for Attorney Travis Richard Alley, November 2, 2000 ("Magistrate Judge Findings").

The relief sought is authorized by Local Civil Rule 83.8(c) of the local rules of this court, which provides:

> **(C) Appeal of Disciplinary Action.** If an attorney's membership in the bar of this court is suspended or revoked, the attorney shall have the right to petition the chief judge of this court for relief. The petition must be filed within 10 days after the discipline is ordered. The chief judge shall have absolute discretion as to what, if any, further action will be taken in respect to the matter.

Local Civil Rule 83.8(c) ("LR 83.8(c)"), Northern District of Texas.

Judge Kendall's order imposing the discipline at issue was filed on January 22, 2002. Alley's petition for relief from this order was filed on January 29, 2002. Thus, the petition is timely.

### Issues

Alley's petition raises four issues: (1) Judge Bleil abused his discretion by denying Alley's recusal motion; (2) there is no evidence to support the conclusion that Alley failed to conduct litigation properly; (3) Judge Kendall's order does not identify Alley's "conduct in this case" which is subject to disciplinary action, nor does it find that Alley made "false statements" to "various courts" or that Alley "repeatedly engaged in a practice of unprofessional and unethical behavior;" and (4)

Judge Kendall's order, by imposing an indefinite period of suspension -- despite Judge Bleil's recommended limit of one year -- is harsh, oppressive, and without substantial basis. Appeal of Travis Richard Alley for Relief of Order Accepting Findings, Conclusions, and Recommendations of the United States Magistrate Judge and Order of Discipline, January 29, 2002 ("Petition") at 2-3. These contentions will be examined in turn.

## Recusal

Alley first contends that "Judge Kendall's Order as well as the Findings, Conclusions, and Recommendations of the United States Magistrate Judge fails to address Alley's Motion to Recuse the Magistrate Judge setting forth grounds pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455." Petition at 2. Alley's motion to recuse, filed September 27, 2000, alleged that Judge Bleil should be recused under 28 U.S.C. §§ 144 and 455 because of "prejudice on the part of the Court stemming from extrajudicial sources." Motion and Brief to Recuse (28 U.S.C. § 144 and 28 U.S.C. § 455) at 4. Judge Bleil denied Alley's motion to recuse by order of October 4, 2000, ruling that

> The matter of over-billing and Alley's statements to others that he was over-billing . . . were brought to the Magistrate Judge's attention in his judicial capacity and pursuant to the professional duties of an officer of the court and the court's own staff. But even if the information were attributable to an extrajudicial source, it does not necessarily establish bias. Nor would the absence of an extrajudicial source necessarily preclude a finding of bias.

- 3 -

Order, October 4, 2000 at 2 (citing *Liteky v. United States*, 510 U.S. 540, 554-55 (1994)).

Although the argument in support of recusal is sparse in the petition, Alley elaborated on this ground in his objections to the Magistrate Judge Findings. There, he argued that Judge Bleil's reliance on *Liteky* was misplaced because Judge Bleil removed Alley from the Criminal Justice Act Voluntary Panel list ("CJA Panel list") as the result of information provided by an attorney to Judge Bleil's staff assistant. Citing *Conkling v. Turner*, 138 F.3d 577, 592 (5th Cir. 1998), Alley maintained that this removal from the CJA Panel list was not based on information Judge Bleil had received in a pending case or proceeding and thus was from an extrajudicial source. *See* Travis Richard Alley's Objections to Findings, Conclusions and Recommendations of the United States Magistrate Judge and Notice and Order Regarding Show Cause Order and Disciplinary Hearing for Attorney Travis Richard Alley ("Objections"), November 22, 2000, at 1-3. Far from supporting Alley's position, however, *Conkling* actually confirms Judge Bleil's conclusion that information coming to Judge Bleil in his judicial capacity was not disqualifying:

> [F]acts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification.

*Conkling*, 138 F.3d at 592 (quoting *Lac Du Flambeau Indians v. Stop Treaty Abuse - Wisc.*, 991 F.2d 1249, 1255-56 (7th Cir. 1993)). The information about Alley's

alleged bill-padding came to Judge Bleil in this case as part of his responsibility to assist Judge Kendall in monitoring and approving vouchers submitted by attorneys appointed under the Criminal Justice Act ("CJA"). Attorneys appointed under the CJA are paid with public funds, and Congress has given the judiciary a stewardship role in approving vouchers for payment to assure that those public funds are expended appropriately. *See* 18 U.S.C.§ 3006A, and particularly subsection (d)(5) thereof. Alley's appeal on this ground is denied.

### Failure to Conduct Litigation Properly

Judge Bleil found that "[a] third area of concern is a pattern indicating Alley's inability to conduct litigation properly by failing to make timely and proper objections in cases in which his clients' interests required that he make such objections." Magistrate Judge Findings at 9. As examples, Judge Bleil referred to Alley's failure to object to magistrate judge findings in three cases in which Alley represented a prisoner plaintiff: *Roberts v. Johnson*, No. 4:00-CV-0006-Y; *Gholson v. Johnson*, No. 4:99-CV-0183-Y; and *Haney v. Johnson*, No. 4:99-CV-0450-E. Alley's objections explained his conduct in those three cases, *see* Objections at 6-8, but he had done so in even greater detail in the evidentiary hearing held on October 10, 2000. *See* 2 Transcript of Hearing on Show Cause Order at 106-15, 148-52. Judge Kendall's order does not specifically address this aspect of the disciplinary

proceedings (unless it is perhaps included in the global reference to Alley's "conduct in this case" for which Alley is being reprimanded). *See* Judge Kendall's Order at 1.

Alley argues that his "actions did not rise to the level of the charges of inability to conduct litigation properly." Petition at 2. I agree. To the extent that discipline against Alley rested on this ground, it should be set aside.

## Lack of Findings

In this ground, Alley complains that Judge Kendall's order does not identify the "conduct in this case" which is subject to disciplinary action, nor does it find that Alley made "false statements" to "various courts" or that Alley "repeatedly engaged in a practice of unprofessional and unethical behavior." While these contentions are technically true, they overlook the fact that Judge Kendall's order "accepts the findings and conclusions of Judge Bleil made on November 2, 2000." Judge Kendall's Order at 1. Judge Bleil's findings discuss these points in painstaking detail. Magistrate Judge Findings at 3-7, 11-12. Consequently, Judge Kendall's order specifies by reference the conduct of Alley which is subject to sanction. This ground is overruled.

## Indefinite Suspension

Alley argues in this ground that the indefinite suspension imposed by Judge Kendall, as opposed to the one-year suspension recommended by Judge Bleil, is "harsh, oppressive, and without substantial basis." Petition at 3. Although Judge

Kendall's order might be read as being more favorable to Alley than Judge Bleil's recommendation, in that under it Alley can immediately re-apply for membership in the bar of this court, rather than waiting for one year, it is true that Judge Kendall's order requires such an application for readmission, while Judge Bleil's recommendation does not. *Compare* Judge Kendall's Order at 1-2 *with* Magistrate Judge Findings at 15. I will assume, as Alley apparently does, that Judge Kendall's order imposes a harsher punishment on him by requiring application for readmission to the bar of this court and, on that assumption, will sustain Alley's objection. Alley does not appear to contest Judge Bleil's recommendation of a one year suspension. Accordingly, I will adopt Judge Bleil's recommendation that Alley "be suspended from membership in the bar of this court for a period of one year." Magistrate Judge Findings at 15. The sanction of suspension recommended by Judge Bleil did not become effective until Judge Kendall acted on it by his order of January 22, 2002. Thus, the one-year suspension ordered herein began on January 22, 2002 and will end on January 21, 2003.

## Summary

Alley's contention that Judge Bleil abused his discretion in denying Alley's motion for recusal is **OVERRULED**. Alley's argument regarding the lack of evidence to support the conclusion that Alley failed to conduct litigation properly is, however, well-taken. Alley's point about the lack of specificity in Judge Kendall's order, while

superficially plausible, lacks merit. Finally, the allegation that Judge Kendall's order is unduly harsh is **SUSTAINED**. Accordingly, Judge Kendall's order is modified to limit Alley's suspension from the bar of this court to a period of one year. Except as modified herein, Judge Kendall's order remains in effect.

**SO ORDERED**.

September 4, 2002.

                                    A. JOE FISH
                                    CHIEF JUDGE